UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL LEE WILLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-22-92-J |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B), (C). Judge Purcell examined the Petition under Rule 4 of the Rules Governing Section 2254 Cases and issued a Report and Recommendation recommending that the Petition be dismissed as untimely (Rep. & Rec.) [Doc. No. 6]. Petitioner has objected (Petr.'s Obj.) [Doc. No. 7], triggering de novo review.

**I.      Background**

In December 1990, Petitioner entered guilty pleas and was sentenced to life without parole in state court for first degree murder, first degree burglary, and conspiracy to commit murder. *See* Pet. at 1. Then, in June 2021, Petitioner sought post-conviction relief arguing that the State of Oklahoma had lacked jurisdiction over his case under *McGirt v. Oklahoma*, __ U.S. __, 140 S. Ct. 2452 (2020) and his counsel had been ineffective for failing to raise the jurisdictional argument. *See* Pet., Ex. 2. The state court denied that application and the Oklahoma Court of Criminal Appeals affirmed on January 4, 2022. *See id.*, Ex. 1. On January 31, 2022, Petitioner filed this habeas Petition repeating his allegations. *See id.* at 5-7.

## II.     The Report and Recommendation Findings

On review, Judge Purcell found that under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one-year statute of limitations period exists for § 2254 petitions and that Petitioner's claims were untimely under either 28 U.S.C. § 2244(d)(1)(A) or (C). *See* Rep. & Rec. at 3-4. In relevant part, that statute provides that the limitations period begins running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> [or]
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2244(d)(1)(A), (C).

Beginning with § 2244(d)(1)(A), Judge Purcell concluded that because Petitioner's 1990 convictions became final prior to the passage of the AEDPA, his one-year limitation period started on the AEDPA's effective date, April 24, 1996. *See* Rep. & Rec. at 5. Thus, absent statutory or equitable tolling, Petitioner's one-year filing period expired on April 24, 1997. *See id.* Judge Purcell then found that (1) Petitioner's application for post-conviction relief was not filed within that one-year time frame and did not support statutory tolling, and (2) Petitioner had not articulated any grounds for equitable tolling. *See id.* at 10-11.

Turning to § 2244(d)(1) (C), Judge Purcell found that the *McGirt* decision has not been made retroactive and thus does not trigger this provision or otherwise extend the limitations period. *See id.* at 6-10.

2

### III.     Petitioner's Objections

Liberally construed, the Petitioner's objection claims that (1) Judge Purcell inappropriately addressed the timeliness issue sua sponte, (2) the *McGirt* jurisdictional issue is not subject to waiver, (3) the Supreme Court has never ruled that *McGirt* is not retroactive, and (4) Petitioner could not have raised the *McGirt* issue before the decision was published. *See* Pet.'s Obj. at 1-8.[1]

#### A.     Sua Sponte Review

Petitioner first complains that his "finality date was never raised" and Judge Purcell's recommendation was an "arbitrary application of the statute of limitations." *Id.* at 2. The Court disagrees. Judge Purcell's sua sponte review for timeliness was entirely proper. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

#### B.     Waiver

Petitioner next argues that a jurisdictional issue cannot be waived. *See* Pet.'s Obj. at 3. But Judge Purcell did not find that Petitioner's claims were waived; instead, he found them to be time-barred. And, this Court has "reject[ed] any contention that a § 2254 petition raising a jurisdictional claim is exempt from the applicable limitations period." *Shields v. Crow*, No. CIV-21-1003-D, 2022 WL 291622, at *1 (W.D. Okla. Jan. 31, 2022); *see also Mathews v. Elhabte*, No. CIV-21-1023-R, 2022 WL 363357, at *1 (W.D. Okla. Feb. 7, 2022) (dismissing petitioner's jurisdictional *McGirt* challenge as untimely).

---

[1] Petitioner does not otherwise challenge Judge Purcell's findings regarding § 2244(d)(1)(A)'s inapplicability and in fact acknowledges that he did not raise any claims for equitable tolling. *See* Pet.'s Obj. at 5.

### C. *McGirt's* Non-Retroactivity

Petitioner's final two objections are intertwined. That is, he argues both that the Supreme Court has not held that *McGirt* is not retroactive and claims he could not have raised the *McGirt* argument before the case had been decided.

As Judge Purcell aptly noted, a case may only be applied retroactively if the Supreme Court expressly holds so. *See* § 2244(d)(1)(C) (holding the one-year limitation begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). As the Supreme Court has not done so, Petitioner's first objection is meritless. *See Mathews*, 2022 WL 363357, at *1 ("'the Supreme Court has not held that *McGirt* is retroactive,' and 'the only way the Supreme Court could make a rule retroactively applicable is through a holding to that effect'" (citation omitted)); *Glaze v. Nunn*, No. CIV-21-1204-D, 2022 WL 263203, at *3 (W.D. Okla. Jan. 4, 2022) ("Although [petitioner] states the Oklahoma courts had no jurisdiction over him or his crimes, *McGirt* did not recognize a new rule of constitutional law made retroactive to cases on collateral review that was previously unavailable."), *adopted*, 2022 WL 256333 (W.D. Okla. Jan. 26, 2022).

Moreover, while Petitioner may have faced an "uphill battle" arguing that the State of Oklahoma lacked jurisdiction over his crimes (because he was an Indian and the crimes were committed in Indian country) before the *McGirt* ruling, he at least "had the *opportunity* to take this path." *Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. 2018).[2]

---

[2] In *Lewis*, the question was whether the savings clause applied to petitioner's successive habeas claims. The petitioner alleged that the relevant Supreme Court ruling in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016) was unavailable at the time he filed his first petition, because "the only way Lewis could've prevailed under § 2255 is if he anticipated *Mathis*, argued it in the face of conflicting Fifth Circuit precedent, secured a writ of certiorari or en banc review, and

4

**IV.     Conclusion**

Having carefully reviewed the Petition, Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Purcell's thorough and well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 6] and DISMISSES Petitioner's Petition as untimely.  Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 25th day of February, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

convinced the Supreme Court or en banc Fifth Circuit that his position was correct." *Lewis*, 736 F. App'x at 752.  In response, the Tenth Circuit held: "We don't doubt that this would have been an uphill battle; but Lewis at least had the *opportunity* to take this path." *Id.*